IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **vs.** ) | **CRIMINAL NO. 05-00064-WS** |
| ) | |
| **PAMELA DIANNE GODKIN,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on the defendant's motion to suppress. (Doc. 47). The Government filed a response, (Doc. 55), and the defendant elected to file no reply. After carefully considering the foregoing materials, as well as all other relevant materials in the file, the Court concludes that the motion to suppress is due to be denied.

The defendant first makes a perfunctory argument that the affidavit presented to the state judge failed to demonstrate probable cause to support the search. (Doc. 47 at 3-4). The same argument, raised by co-defendant Dennis Robin Ray in a more developed fashion, (Docs. 45, 57), has been rejected by separate order. This defendant can fare no better.

The search warrant authorized a search for "[p]araphernalia, documents, notes, currency, scales, packaging materials, photographs, videos and any other articles believed to be used in the unlawful manufacture, distribution and/or possession of a controlled substance *and any other fruits or instrumentalities of a crime*." (Doc. 47, Exhibit B). The defendant — sans citation to any authority — argues that the italicized language converted the warrant into a "general warrant," rendering unconstitutional any search pursuant to the warrant. (Doc. 47 at 4).[1]

In *Andresen v. Maryland*, 427 U.S. 463 (1976), the warrant authorized seizure of documents concerning the transfer of a certain piece of realty, plus other documents "showing or tending to show a

---

[1] The defendant cites *Stanford v. Texas*, 379 U.S. 476 (1965), for the proposition that a search conducted pursuant to a general warrant is invalid. She cites no authority for the proposition that the instant warrant constitutes a general warrant. Nor does the Government offer any authority for the contrary proposition.

fraudulent intent, and/or knowledge as elements of the crime of false pretenses, in violation of [a Maryland statute], *together with other fruits, instrumentalities and evidence of crime at this (time) unknown.*" *Id*. at 480 n.10 (emphasis added).  The Court held that the italicized language did not convert the warrant into a general warrant because it was "clear from the context that the term 'crime' in the warrants refers only to the crime of false pretenses." *Id*. at 480-81.  *Andresen* "establishes the principle that a warrant's catch-all phrase must be read in the light of the items that precede it, a principle further supported by the canon of construction known as ejusdem generis ...." *United States v. Pindell*, 336 F.3d 1049, 1053 (D.C. Cir. 2003).

In *United States v. Mitchum*, 2000 WL 222578 (6th Cir. 2000), the warrant authorized seizure of:

> Any item's [sic] or equipment used to forge, counterfeit, or manufacture forged written instrument [sic].  Any Computers, Printers, Laminating Devises [sic], Counterfeiting Plates and Copy Machines that may be used in the manufacturing of a forged written instrument.  Or any monies or valuables derived from this illegal forgery operation.  Also any contraband, *fruits of the crime, Instrumentalities* [sic] *used in commission of a crime* or items of evidentiary values [sic].

*Id*. at **2 (emphasis added).  Like the defendant here, the defendant in *Mitchum* argued that the italicized language converted the warrant into a general warrant that would allow the seizure of evidence of "any crime."  *Id*.  The Sixth Circuit, however, found the warrant's language "substantially the same as" that in *Andresen*.  *Id*.  Looking to context as required by the Supreme Court, the Sixth Circuit concluded that the warrant "did not provide unbounded discretion to an officer to seize items regarding any possible crime."  *Id*.

As was the case in *Andresen* and *Mitchum*, the specific language of the instant search warrant provided context that limited the scope of the search to the specified items and others related to particular crimes.  The general term "a crime," being so limited, did not convert the warrant into a general warrant.

For the reasons set forth above, the defendant's motion to suppress is **denied**.

DONE and ORDERED this 20th day of April, 2005.

                                                s/ WILLIAM H. STEELE
                                                UNITED STATES DISTRICT JUDGE